

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN SMALLS,

                Petitioner,

- against -

WILLIAM LEE, Superintendent, Green Haven Correctional Facility,

                Respondent.

12 Civ. 2083 (KMK)(LMS)

REPORT AND RECOMMENDATION

TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.

     Petitioner Benjamin Smalls, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254 (the "Petition") challenging his conviction for kidnapping in the first degree, two counts of assault in the second degree, burglary in the first degree, criminal use of a firearm in the first degree, three counts of criminal possession of a weapon in the third degree, and menacing in the second degree. See Petition at 1. Respondent has moved via letter addressed to Your Honor dated May 1, 2012, and reiterated in a letter to the undersigned dated May 24, 2012 (both docketed, along with ensuing correspondence, with this Report and Recommendation), to transfer the Petition to the Second Circuit. Respondent contends that the instant petition is second or successive to Petitioner's prior petition, Smalls v. Smith, 05 Civ. 5182 (CS). Respondent argues that under 28 U.S.C. §2244, this Court lacks jurisdiction over the Petition unless and until Petitioner receives authorization to file a second or successive petition from the Circuit. See Letter from Respondent to Judge Karas, p. 2 (May 1, 2012) (herein, "Resp't Letter"), citing 28 U.S.C. §2244(b)(3). In this Circuit, once a district court determines that a

1

petition is second or successive but has not been authorized by the Circuit under 28 U.S.C. §2244(b)(3), the district court is to transfer the petition to the Circuit so that petitioner can make an application to the Circuit for authorization to file a second or successive petition. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). Respondent's letter motion for transfer of the instant petition to the Circuit is made pursuant to this rule.

For the reasons that follow, this Court concludes that this Petition is not second or successive, so I respectfully recommend that Respondent's motion to transfer be denied.

## I. PROCEDURAL HISTORY

### A. State Proceedings

On October 13, 1999, after having been advised that the jury had reached a verdict in his trial on the above charges, Petitioner absconded. See Smalls v. Smith, 05 Civ. 5182 (CS), 2009 WL 2902516, *1 (S.D.N.Y. Sept. 10, 2009). The jury returned a guilty verdict on October 14, 1999. Pet. at 1. "Petitioner did not appear for the scheduled sentencing on December 21, 1999, and was sentenced in absentia to twenty-five years to life for the kidnapping count, with consecutive terms of seven years for one assault count and one criminal possession of a weapon count, and concurrent terms on the remaining counts." Smalls, 2009 WL 2902516 at *1.

Petitioner appealed the conviction on January 14, 2000, through his attorney. Id. The Appellate Division dismissed this appeal pursuant to the Fugitive Disentitlement Doctrine on March 17, 2000.[1] Id. When Petitioner was arrested on March 30, 2000, he was brought before the court and his sentence was executed without his counsel being present. Id.

---

[1] Under this Doctrine, "appellate courts have the authority to 'dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal.'" United States v. Adawalla, 357 F.3d 243, 245 (2d Cir. 2004), quoting Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993).

On June 29, 2000, Petitioner filed a state habeas corpus petition, alleging ineffective assistance of counsel at sentencing. Id. at *2. The state habeas petition was denied by the New York Supreme Court. Id. His appeal of that decision to the Appellate Division was also denied, as was his application for leave to appeal to the New York Court of Appeals. See People ex rel. Smalls v. DeCiuceis, 739 N.Y.S.2d 581 (N.Y. App. Div. 2002); People ex rel. Smalls v. DeCiuceis, 98 N.Y.2d 605 (N.Y. 2002) (denying leave to appeal). Additional state motion practice also proved unavailing. See Smalls, 2009 WL 2902516 at *2.

On August 18, 2009, Petitioner was re-sentenced to add a period of post-release supervision to his sentence. See Resp't Letter at 1, citing People v. Sparber, 10 N.Y.3d 457, 467-68 (N.Y. 2008). Petitioner's appeal from the resentencing to the Appellate Division, Second Department, was denied on May 17, 2011, and his application for leave to appeal that decision to the New York Court of Appeals was denied on August 4, 2011. See People v. Smalls, 923 N.Y.S.2d 852 (N.Y. App. Div. 2011) (affirming resentence); People v. Smalls, 17 N.Y.3d 822 (N.Y. 2011) (denying leave to appeal).

### B. Federal Proceedings

On June 1, 2005, Petitioner's petition for habeas corpus under 28 U.S.C. §2254 was filed with the Clerk's office. See Smalls v. Smith, 05 Civ. 5182 (CS), Doc. #1, "Petition" (June 1, 2005). His amended petition was "delivered to prison authorities" on July 21, 2006. See Smalls v. Smith, 2009 WL 2902516, at *3 (S.D.N.Y. Sept. 10, 2009). The late Honorable Charles L. Brieant, to whom the case was assigned, dismissed the claims in the amended petition as time-barred; he noted that, in the alternative, even if those claims had been timely made, the petition would still have been dismissed because all of the claims were procedurally barred by the Fugitive Disentitlement Doctrine. Smalls v. Smith, 05 Civ. 5182, 2006 WL 3478983, *1-*2

(S.D.N.Y. Nov. 28, 2006). Petitioner's application for a certificate of appealability to the Second Circuit was denied. See Smalls v. Smith, 05 Civ. 5182 (CS), Doc. #19, "Mandate of USCA," (Aug. 29, 2008). Petitioner's petition for a writ of certiorari from the United States Supreme Court was denied on April 6, 2009. Smalls v. Smith, 129 S.Ct. 1916 (2009).

Petitioner also filed a motion to vacate the judgment pursuant to Fed. R. Civ. Proc. 60(b), on October 21, 2008. Smalls v. Smith, 05 Civ. 5182 (CS), Doc. #20, "Motion to Vacate Judgment Pursuant to F.R. Civ. Pro. Rule 60(B)," (Oct. 21, 2008) (herein, "the 60(b) Motion"). Petitioner argued that the judgment should be vacated because

(1) "[Petitioner] was totally denied Counsel at Sentencing, Re-Sentencing, and Direct Appeal, in violation of the Sixth Amendment," see id. at 2[2];

(2) "the State Court lacked subject matter jurisdiction" over his conviction because the indictment allegedly was not signed by the grand jury foreperson, see id. at 11-12;

(3) Judge Brieant's determination that Petitioner's state habeas corpus petition did not toll the AEDPA statute of limitations was incorrect because Petitioner's state petition was "properly filed," see id. at 12-15; and

(4) "The Appellate Division erroneously adjudicated Movant a fugitive without the required Parker hearing (see People v. Parker, 57 N.Y.2d 136), and applied the Fugitive Disentitlement Doctrine in dismissing Movant's . . . appeal as of right without appointing

---

[2]The resentencing to which Petitioner here refers is not the resentencing which occurred between the filing of the two petitions on August 18, 2009 (as the 2009 resentencing had yet to take place when he filed his rule 60(b) motion in 2008). Rather, it appears Petitioner refers to the amendment of his sentencing and commitment form which was done in order to correct a "clerical error" on August 17, 2000. See 60(b) Motion, Ex. A; see also Smalls v. Smith, 05 Civ. 5182 (CS), Doc. # 23, "Affidavit in Opposition to Motion Rule 60(b) Motion [sic]" at 3 (Mar. 26, 2009).

counsel," thus violating "the due process of law." See id. at 18-19.

On September 10, 2009, Judge Seibel, to whom the case had been reassigned, denied Petitioner's motion to vacate. Smalls v. Smith, 05 Civ. 5182, 2009 WL 2902516, *11 (S.D.N.Y Sept. 10, 2009). The Court denied claims (1) and (2), above, as improperly raised in a Rule 60(b) motion, and, in the alternative, as without merit. Id. at *4, *9-*10. Although Judge Seibel reached the merits of Petitioner's third claim, above, and "calculated the AEDPA Limitations Period somewhat differently than Judge Brieant," she concurred with Judge Brieant that the petition was time-barred, so the third ground for 60(b) relief was likewise denied. Id. at *9. Finally, Judge Seibel construed Petitioner's fourth claim as a challenge to Judge Brieant's determination that even if the petition had been timely filed, New York's Fugitive Disentitlement Doctrine would have procedurally barred Petitioner's claims. Id. at *10. The Court considered Petitioner's challenge to this aspect of Judge Brieant's ruling as an impermissible attempt to use Rule 60(b) to file a second or successive petition without Circuit authorization. Id. at *10. Judge Seibel also rejected the merits of Petitioner's argument on this point.[3] Id.

On March 12, 2012, Petitioner delivered the instant Petition to prison authorities. See Pet. at 11. Here, Petitioner makes the following claims:

(1) he is actually innocent, see Pet. at 8 - 9;

(2) the state trial court lacked subject matter jurisdiction over his case because "there has never been any charges filed against him in this case," see id. at 9;

---

[3] Judge Seibel did not issue a certificate of appealability. Id. at *11. Petitioner moved the Second Circuit for a certificate of appealability on October 16, 2009. The Second Circuit denied this motion on April 9, 2010. Smalls v. Smith et al., 09-4716-pr (2d Cir. April 9, 2010).

(3) he received ineffective assistance of counsel at sentencing and at "both resentences," id.;

(4) he was denied his right to a jury trial when "the Judge used information outside the province of the jury to enhance the sentence," in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), id.;

(5) he was denied procedural due process when the Appellate Division denied Petitioner's initial appeal, see id. at 10;

(6) he was denied procedural due process when the Appellate Division declined to review Petitioner's *pro se* supplemental brief during his resentencing appeal, see id.;

(7) the People failed to disclose exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963), namely that "absolutely no one filed charges against petitioner, and that the Grand Jury did not vote to Indict [sic]," see id.;

(8) "the prosecution filing of false affidavits to secure an unfounded conviction. The prosecution failed to file an opposition to Petitioner's Pro-Se Supplemental Brief, thus conceding all of the issues, however, they filed an totally false affidavit in the Appellate Division stating they filed a brief in opposition." Id. at 9.

Prior to filing an answer, Respondent made the instant letter motion on May 1, 2012, to transfer the petition to the Second Circuit as second or successive. See Resp't Letter. Respondent argues that this 2012 petition is a second or successive petition because "petitioner previously challenged the same conviction on grounds that are reasserted in the current petition" in the 2005 case. Id. at 1. Respondent states that the petition includes claims which Petitioner could have raised in the 2005 petition, but did not, and offers (without directing this court to a specific case) that "the Second Circuit has held that, if a later petition purports to make any

additional claims that could have been but were not raised in the initial petition, the Second Circuit must first find that petitioner has satisfied §2244(b)(3) as to those additional claims." Id. at 2. Thus Respondent concludes that this Court should at least transfer such "additional claims" to the Circuit for authorization. Finally, Respondent contends that "at least some of those added claims were raised in petitioner's . . . 60(b) motion." Id. Since Judge Seibel "alternatively denied" those claims on the merits in her order denying the 60(b) motion, "those determinations are the law of the case and petitioner is collaterally estopped from relitigating those claims before your Honor." Id.

In a letter dated May 4, 2012, Petitioner opposed this request. See Petitioner's Letter to Judge Karas (May 4, 2012). Petitioner argued that the instant petition is not second or successive to his 2005 petition, citing Burton v. Stewart, 549 U.S. 147 (2007), because he was resentenced. See id. On May 24, 2012, Respondent wrote to the undersigned to reiterate the arguments contained in the May 1 letter to Your Honor; in response to this letter, Petitioner argued in a letter to the undersigned that Your Honor had already determined that the Petition was not second or successive, since Your Honor ordered Respondent to answer "after having examined the petition." Letter from Petitioner to Judge Smith (June 1, 2012).

On July 2, 2012, on Respondent's letter motion, I stayed Respondent's Answer pending Your Honor's final determination on the motion to transfer. Smalls v. Lee, 12 Civ. 2083 (KMK)(LMS), Doc. # 12, "Order" (July 2, 2012). Petitioner's objections to Respondent's request for an extension of time to answer and to my Order granting such request are contained in his ensuing letters and are docketed herewith.

7

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, or "AEDPA," sets forth strict limits on when a "second or successive" habeas petition may be granted. 28 U.S.C. §2244.

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b).

AEDPA also sets additional "gatekeeping" procedural rules for petitioners seeking to file second or successive petitions. Liriano, 95 F.3d at 123. Before a second or successive habeas petition may be filed with a district court, a petitioner must move a three-judge panel in the relevant court of appeals for authorization to do so. 28 U.S.C. §2244(b)(3). Absent this authorization, a district court lacks jurisdiction to consider a second or successive petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007). As noted above, in this Circuit, once a district court has determined that a petition is "second or successive," the district court is to transfer the petition to the Second Circuit to "cure want of jurisdiction" pursuant to 28 U.S.C. §1631. See Liriano, 95 F.3d at 123 (setting forth procedures for district courts confronted with unauthorized second or successive habeas petitions). The petitioner will then be notified by the Second Circuit Clerk that he or she must file a motion for authorization with that Court before

8

proceeding with his or her habeas petition. Id.

AEDPA, however, does not define when a petition is "second or successive." "The phrase 'second or successive petition' is a term of art." Slack v. McDaniel, 529 U.S. 473, 486 (2000). "It is well settled that the phrase does not simply 'refe[r] to all §2254 applications filed second or successively in time.'" Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010), quoting Panetti v. Quarterman, 551 U.S. 930, 944 (2007). In particular, when a new judgment has been entered between the filing of two petitions–for instance, if the petitioner has been resentenced during that intervening period– the second petition will *not* be considered "second or successive" to the first. See Magwood, 130 S.Ct. at 2801-02; see also Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Because "both §2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged," not to specific claims, a second petition filed after an intervening resentencing is not "second or successive" even if the later petition contains claims which could have been raised in the first, but were not. Magwood, 130 S.Ct. at 2797.

The Supreme Court has declined to address whether the rule in Magwood would apply to a second petition, filed after an intervening resentencing, which challenged "not only [a petitioner's] resulting, *new* sentence, but also his [or her] original, *undisturbed* conviction," since Magwood himself only raised claims related to his resentencing in his second petition. 130 S.Ct. at 2802. The Second Circuit, however, has answered this question in the affirmative, holding that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." Johnson v. United States, 623 F.3d 41, 46 (2d Cir. 2010). To reach this result, the Second Circuit

9

incorporated the Supreme Court's definition of "judgment of conviction" as "both the adjudication of guilt and the sentence" into the holding of Magwood, 130 S.Ct. at 2802. Johnson, 623 F.3d at 46, quoting Deal v. United States, 508 U.S. 129, 132 (1993). District courts in this Circuit have recognized that the holding of Johnson applies even where the petitioner's original judgment was amended for some reason other than a conditional writ following his or her first habeas petition. See, e.g., Mills v. Lempke, 11 Civ. 0440 (MAT), 2012 WL 1574749, *6 - 8 (W.D.N.Y. May 3, 2012); Riley v. Conway, 06 Civ. 1324 (DLI)(JO), 2011 WL 839477, *4 (E.D.N.Y. March 7, 2011); Johnson v. New York et al., 10 Civ. 8305 (VM), 2012 WL 1034821, *3, n. 5 (S.D.N.Y. March 23, 2012).

In light of this precedent, I conclude that Petitioner's 2012 petition is not second or successive to his 2005 petition. Petitioner filed his first petition on June 1, 2005. He was resentenced on August 18, 2009. He filed the instant Petition on March 12, 2012. His 2005 Petition challenged his original judgment, comprised of his 1999 adjudication of guilt and his 1999 sentence, which was executed in 2000 when Petitioner was arrested. His 2012 Petition challenges his amended judgment: his 1999 adjudication of guilt and his 2009 resentencing. His two petitions challenge two different judgments, and under Magwood and Johnson, this 2012 Petition is therefore not "second or successive" to the 2005 petition, regardless of the substance of his current claims.[4]

---

[4]Respondent states in its letter to Your Honor that "the Second Circuit has held that, if a later petition purports to make any additional claims that could have been but were not raised in the initial petition, the Second Circuit must first find that petitioner has satisfied § 2244(b)(3) as to those additional claims," an apparent allusion to the claims-based approach to second or successive petitions adopted in Galtieri v. United States, 128 F.3d 33 (2d Cir. 1997). However, Johnson explicitly overruled this holding of Galtieri because it was incompatible with the Supreme Court's ruling in Magwood. See Johnson, 623 F.3d at 46 ("In light of Magwood, we must interpret successive applications with respect to the judgment challenged and not with

Respondent also argues that Petitioner is collaterally estopped from relitigating claims previously rejected by Judge Seibel in her Order denying Petitioner's motion to vacate the judgment against him in the 2005 Petition, and states that her evaluations of the merits of his claims are "the law of the case." See Resp't Letter, p. 2. This Court declines to consider these arguments at this time, since these doctrines have no bearing on the question of whether the instant petition is second or successive and should therefore be transferred. See Johnson, 623 F.3d at 46 (whether a petition is second or successive is to be evaluated with respect to the judgment it challenges, not the substance of particular claims). Should Your Honor adopt my recommendation that the motion to transfer be denied, I respectfully suggest that Respondent may brief these arguments more fully in its answer.

### III. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Respondent's motion to transfer this Petition to the Second Circuit should be denied.

Should Your Honor adopt this Report and Recommendation, I recommend that Respondent be directed to serve and file an answer and the state court records identified in Your Honor's Order to Answer within forty-five (45) days of any such adoption, as I indicated in my July 2, 2012, Order, and that Petitioner be directed to serve and file any reply within thirty (30) days of the filing of the answer.

---

respect to particular components of that judgment . . . To the extent that our decision is inconsistent with Magwood, it is no longer good law").

11

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: July 24, 2012
White Plains, NY

Respectfully submitted,

LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas, U.S.D.J.
United States Courthouse
300 Quarropas St.
White Plains, New York 10601

Benjamin Smalls

DIN # 00-A-3608
Green Haven Corr. Fac.
594 Route 216
Stormville, NY 12582

John J. Sergi
Westchester County District Attorney's Office
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10601