UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN SMALLS,

                Petitioner,

-v-

WILLIAM LEE, Superintendent, Green Haven Correctional Facility,

                Respondent.

Case No. 12-CV-2083 (KMK)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

On February 14, 2013, Magistrate Judge Smith entered a non-dispositive order denying Petitioner's request for the production of the entire state court trial transcript which led to his state conviction. (Dkt. No. 33.) Petitioner appeals that denial to this Court. (Dkt. No. 34.) This Court denies the appeal.

**1. Standard of Review.** — On April 27, 2012, this Court referred this case for all pre-trial purposes to Magistrate Judge Smith. (Dkt. No. 8.) That reference was made pursuant to 28 U.S.C. § 636(b)(1)(A), which states that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." That same provision states that a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Thus, to warrant reversal, Judge Smith's order denying Petitioner's request for the entire transcript must have been "clearly erroneous or contrary to law." *See also* 15A Wright & Miller, Fed. Prac. & Proc. Juris. § 3901.1 (2d ed. 2012) ("As to a wide variety of 'nondispositive matters,' the magistrate judge can be designated to 'hear and determine' the matter; the district court 'may reconsider' on a showing that the magistrate judge's order 'is clearly erroneous or contrary to law.'")

**2. The Order Was Not Clearly Erroneous.** — Judge Smith's February 14 Order was not clearly erroneous. Judge Smith properly quoted Rule 5(c) of the Rules Governing § 2254 Cases, which provides that "'[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.'" (Dkt. No. 33 at 2 (quoting Rule 5(c) of the Rules Governing § 2254 Cases).) And Judge Smith correctly noted that a habeas petitioner does not have an unqualified right to obtain a copy of the entire trial transcript for purposes of pursuing his or her federal habeas case. (*Id.* (collecting cases).)

Given those legal principles, the Court concludes that Judge Smith's denial was not clearly erroneous based on her conclusion that "the claims in the Petition do not require the Court to review the underlying trial transcript, and therefore production of that entire transcript is not mandated." (*Id.* at 2–3.) As Judge Smith pointed out, Petitioner has raised five claims in his Petition, but none of them require a review of the complete trial transcript to decide. (*Id.*)

In his appeal to this Court, Petitioner contends that the 1976 Advisory Notes to Rule 5 state that "Rule 5 requires the answer to include transcripts of the trial." (Pet. Objections unnumbered 6.) That does not appear to be an accurate quotation. Rather, the 1976 Advisory Notes say virtually the same thing that the rules themselves do:

> The rule requires the answer to indicate what transcripts are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. This will serve to inform the court and petitioner as to what factual allegations can be checked against the actual transcripts. The transcripts include pretrial transcripts relating, for example, to pretrial motions to suppress; transcripts of the trial or guilty plea proceeding; and transcripts of any post-conviction proceedings which may have taken place. *The respondent is required to furnish those portions of the transcripts which he believes relevant.* The court may order the furnishing of additional portions of the transcripts upon the request of petitioner or upon the court's own motion.

Rule 5(c) of the Rules Governing § 2254 Cases, 1976 Advisory Notes (emphasis added). Thus, nothing in the Advisory Notes demands a different outcome here.

Finally, Petitioner appears in his objections to be asserting a broader ineffective assistance claim than the one in his habeas petition. In his habeas petition, Petitioner states that his ineffective assistance claim is "Total Denial of Counsel at sentencing, and both resentences." (Pet. 9 (Dkt. No. 2).) In his objections, Petitioner contends that he "has been prevented from raising the denial of the right to counsel at trial by the State Appellate Court." (Pet. Objections unnumbered 5.) It is unclear from this latter statement whether Petitioner wishes to raise an ineffective assistance of trial counsel claim in his petition. If he does, however, that is a new claim, and Petitioner must request of Judge Smith that he be allowed to amend his petition to allege it. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (explaining the standard for granting amendments to habeas corpus petitions and holding that "the standard for granting or denying a motion to amend [a habeas petition] is . . . governed by Federal Rule of Civil Procedure 15(a)"). If Petitioner does wish to amend and if he makes a successful motion to do so, it is possible that he would be entitled to additional transcripts. This Court passes no judgment on that question at this point, however.

**3. Conclusion.** — A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

DATED: White Plains, New York
April ⟨_⟩, 2013

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE